## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:22-cv-170-D |
| | ) | |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| STONETRUST COMMERCIAL | ) | |
| INSURANCE COMPANY | ) | |
| AS SUBROGEE OF SWAGGIN | ) | |
| WAGON, INC., | ) | |
| Intervenor. | ) | |

### ORDER

Before the Court is Plaintiff's Motion to Dismiss without Prejudice [Doc. No. 26], to which Defendant Halliburton Energy Services, Inc., timely responded [Doc. No. 34]. The matter is fully briefed and at issue.

### *Background*

This case stems from injuries that Plaintiff suffered as a result of Defendant's allegedly negligent unloading of a semi-truck and trailer in which Plaintiff was seated. Plaintiff, an Arkansas resident, originally filed suit against Defendant on January 31, 2022 in the District Court of Oklahoma County, Oklahoma. Defendant filed a notice of removal on February 28, 2022, and the action was removed to this Court. During the course of discovery, Plaintiff's counsel learned that Plaintiff had obtained Ambetter, which is a state Medicaid program partially funded by the United States government through the State of Arkansas. Plaintiff's counsel was previously unaware that Plaintiff underwent surgery and

was Medicaid eligible.

Accordingly, Medicaid has a potential subrogation interest in this action. Plaintiff's counsel represents that he is required to ascertain the amount of any payments, as well as any "potential payment" from this Medicaid program. *See* Pl.'s Mot. to Dismiss at 2. To date, Plaintiff has not received a response from the Arkansas Department of Human Services, which handles medical subrogation. Typically, DHS allows service providers one year from the date of service to bill Medicaid for reimbursement.[1] *See id.*, Ex. 2.

Any judgment, award, or settlement "in any action or claim by a medical assistance recipient to recover damages for injuries . . . in which the Department of Human Services has an interest, [will] not be satisfied without first giving the department notice and a reasonable opportunity to establish its interest." Ark. Code Ann. § 20-77-305(a). Should a recipient of funds, which are "to be held for the benefit of the department," dispose of such funds, "that person shall be liable to the department for any amount that, as a result of the disposition of the funds, is not recoverable by the department." Ark. Code Ann. § 20-77-305(b). In addition, if a recipient "knowingly fails to obtain written approval from the department before disposing of funds," such person is liable for a ten percent penalty of "the amount of the department's claim" and "[r]easonable costs and attorney's fees." Ark. Code Ann. § 20-77-305(c).

Because Plaintiff has not received a response from DHS, he requests that this action be dismissed without prejudice in order to protect the subrogation rights of Medicaid.

---

[1] As relevant here, Plaintiff underwent surgery on June 30, 2022; thus, medical providers will have until June 29, 2023 to submit claims.

Intervenor Stonetrust Commercial Insurance Company, as subrogee of Swaggin Wagon, Inc., has no objection to the granting of this motion, and further consents to its crossclaim being dismissed without prejudice. Defendant does not object to the granting of this motion, but does request that the Court impose certain conditions to alleviate "legal prejudice" that it alleges it would otherwise suffer upon refiling.

## *Discussion*

Under Fed. R. Civ. P. 41(a)(2), a district court may allow a Plaintiff to dismiss an action "on terms that the court considers proper." Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Frank v. Crawley Petro. Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005)). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

To determine whether legal prejudice exists, a court should consider the following factors: (1) Defendant's efforts in the litigation and the expense of trial preparation; (2) whether Plaintiff has excessively delayed his request for dismissal and has failed to diligently act; (3) the present stage of the litigation; and (4) the sufficiency of Plaintiff's explanation regarding the need for dismissal. *Id.* Notably, "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate." *Id.* Even if "legal prejudice" exists, a district court may still grant dismissal by alleviating such legal prejudice with the imposition of "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412

(10th Cir. 1991) ("Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.").

After considering the foregoing factors, the Court concludes that some degree of legal prejudice exists. As to the first factor, Defendant represents that it has "invested substantial time, effort, and expense defending Plaintiff's claims and preparing its defense," mostly as it relates to discovery. *See* Def.'s Resp. at 2-3. Such time, effort, and expense does indeed demonstrate a degree of legal prejudice. However, factors two through four tip the scale in favor of dismissal. Regarding the second factor, there was no delay surrounding the dismissal request: Plaintiff's counsel filed the instant motion one week after learning that Plaintiff was Medicaid eligible. There was no failure to diligently act. Turning to factor three, Defendant filed its answer eight months prior to the instant motion. No dispositive motions have been filed, no trial date has been set, and the discovery deadline remains several weeks away. Finally, as it relates to the fourth factor, Plaintiff has sufficiently explained that he seeks dismissal to understand the "extent of subrogation owed to the Ambetter Medicaid program." Pl.'s Mot. to Dismiss at 6-7.

Accordingly, although a degree of prejudice does exist, dismissal without prejudice is appropriate, as any prejudice may be adequately addressed by imposing conditions upon refiling. To appropriately alleviate Defendant's burden surrounding its investment of time and resources in defending the case and conducting discovery, all discovery conducted in this case may be used in a refiled case and cannot be duplicated. Under this condition, absent agreement of the parties, no witness will be deposed regarding the same subject matter a second time, no completed deposition will be reopened except as may be

4

specifically allowed by court order, and no written discovery will be repeated. Thus, if the discovery conducted in this case carries over to a new case, Defendant's discovery expenses will not be wasted or incurred a second time.[2]

In addition, some of the costs incurred by Defendant in this action must be borne by Plaintiff if he chooses to refile, including filing fees, service fees, and copying costs that are authorized to be taxed by the Clerk of Court under 28 U.S.C. § 1920.[3] Accordingly, the Court will authorize Defendant to file a bill of costs after the dismissal of this action as provided by LCvR54.1, and will direct the Clerk to determine taxable costs in the usual manner, except deposition costs shall not be included. *See supra* note 3. This taxation of costs will not be included in the judgment in this case, but payment will be required as a condition to refiling a second action pursuant to Rule 41(d).[4]

### *Conclusion*

For these reasons, the Court finds that Plaintiff should be permitted to dismiss his action without prejudice to refiling, but conditions upon any future filing should be

---

[2] Defendant also requests that Plaintiff be prohibited from disclosing any new expert opinions (other than those needed for rebuttal purposes) in any refiled case, but cites no authority in support of its argument. The Court is not persuaded that such a condition is necessary under the circumstances. In addition, Defendant asks the Court to require any refiled action to be filed in this district to prevent forum shopping. But because "the potential for forum-shopping does not count as legal prejudice," the Court declines to impose such a condition. *Frank v. Crawley Petro. Corp.*, 992 F.3d 987, 1000 (10th Cir. 2021) (internal quotation omitted); *see id.* ("'[F]orum shopping' is generally an improper basis for imposing conditions on a voluntary dismissal.").

[3] Deposition costs ordinarily recoverable under § 1920 will not be incurred a second time in any refiled case under the Court's first condition concerning discovery.

[4] If Plaintiff refiles a state court action instead of a federal action, then this condition may be enforced under state law. *See* Okla. Stat. tit. 12, § 684(D).

imposed as set forth in this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss without Prejudice [Doc. No. 26] is **GRANTED** as set forth herein. This action is **DISMISSED WITHOUT PREJUDICE** to refiling, subject to the following conditions:

- All discovery conducted in this case can be used in a refiled case and no prior discovery can be duplicated.

- Taxable costs of this action shall be determined by the Clerk as provided by LCvR54.1, except deposition costs shall not be included, and payment of such costs shall be a condition to refiling a second action pursuant to Fed. R. Civ. P. 41(d).

A separate judgment of dismissal under Rule 41(a)(2) shall be entered.

**IT IS SO ORDERED** this 22nd day of December, 2022.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge

6